case 23-1050 USA v. Edward Dale case 23-1069 USA v. Gene Polk 23-1070 USA v. John Gordon and 23-1071 USA v. Gregory Brown. Oral argument 15 minutes for plaintiff, 15 minutes to be shared by the defendants. Ms. Currie for the appellant. May I please the court? Jessica Currie for the United States. I'd like to reserve four minutes for rebuttal. Yes, thank you. Convicted murderers should not receive lighter sentences because they are also crash dealers. The district court reduced the defendant's murder sentences using the crack sentence reduction provision of section 404 of the First Step Act. That was both legal error and an abuse of discretion. This court should reverse. I want to focus today on the legal error, starting with the source of a district court's authority to modify a sentence after it's been imposed. Under section 3582C, a court cannot modify a sentence by statute except to the extent expressly permitted by that statute. Because of that requirement, there is no such thing as implicit or inherent authority to modify a sentence and no room to draw negative inferences from the text. I emphasize... Counsel, is there a forfeiture argument here or a waiver argument that the government has failed to raise the issues? That is argued by the defendants on appeal. However, there was no forfeiture here. The arguments on eligibility were raised below before the district court and they were adjudicated on the merits. And under Sixth Circuit law and under Federal Rule of Criminal Procedure 52B, that is not a forfeiture. Well, counsel, correct me if my understanding of the chronology is wrong. Defendants raised the sentencing package theory in their motions for resentencing. And there was a ruling on one. It was a motion for reconsideration. The court asked you to respond to the motion for reconsideration. But in none of that did you challenge this concept that all of the sentences could be addressed. And the court ruled that there would be resentencing in that context. And it wasn't until you filed your sentencing memorandum that you challenged this notion that the homicide sentences could be included. Is that correct? That is the correct chronology. And the court's response was, well, why are you talking about this now after I ruled that I would be resentencing on everything? The court did express its view that there was forfeiture here as well. But it had an opportunity to consider the government's arguments and correctly apply the law as the way the government had laid out. The parties likewise had an opportunity to weigh in on the government's arguments. And the court addressed the issues on the merits, both at the sentence modification hearings and subsequently in a written order. If a court addresses the merits of an issue, the losing party can appeal. Okay. So when you say the court addressed the merits, are you referring to the court's statement that in any way I stand by my ruling? Or are you referring to something else? I am referring to a few portions of the record. At Dale's sentence modification hearing at page ID 20836, the court stated, I believe that my... I'm sorry, 20 what? 20836. Okay. The court says, I believe that my resentencing decision can cover both covered and uncovered offenses for the reasons set forth in my earlier opinion. And that was after allowing the government to, again, reiterate its arguments that were in its memorandum. And then similarly in Gordon's sentence modification hearing at page ID 20869, the court says, I stand by my reasoning as to why both covered and uncovered offenses are appropriately considered. If the court was simply not considering the arguments at all, then it would say that it just wasn't considering them. But instead, the context of that hearing shows that the district court did consider the argument, but simply decided to stand by the reasoning that it had employed earlier. Okay. Counsel, am I also correct in my understanding that either way, the government does not contest the sentencing package argument that you didn't below and you don't on appeal. You say it doesn't apply, but you don't... I'm sorry. You say it doesn't apply to their sentences, but you do not argue that doctrine is inapplicable under the statute. That's exactly correct. The government's view is that the sentencing package theory is a proper interpretation of section 404. Not all federal circuits agree. The courts are split. What happens if we disagree with you on this? I'm a little confused about how forfeiture works with law, because if this happened at the Supreme Court, as it did in Thierry, the Supreme Court appointed an amicus and it adopted the amicus' position. It refused to let the party dictate what the law is based on their presentations. Is the correct interpretation of law something that can be forfeitable? I think this court has the authority to decide the law as the statute requires. I don't think anything about the parties can dictate the question of law for the court to decide, and even applying plain error review, the district court has... Have your views changed between the district court and the... I guess it was at the district court. I suppose I read the response that was ordered in the Brown case to the motion for the other court's narrow view that you didn't... Under the concurrent sentencing doctrine, you didn't even need to consider whether there should be a reduction in the drug conspiracy conviction because clearly the others were not covered offenses and that you can't reduce for those other non-covered offenses. So I suppose I read that as actually raising the second circuit argument. I do believe the government's position has evolved since the enactment of the First Step Act. The government now believes that the proper interpretation under Section 404 is the sentencing package theory, and that's because of cases like Hudson where the purpose of the act could not be fulfilled if it were... Do you have a textual... What I'm struggling with with this middle ground, to be honest, I understand a sentence might mean judgment, and so it would mean the entire aggregate sentence, which would include all non-covered sentences. That's one theory. I think some of the defendants in this case are advocating for that theory. The other theory is sentence is tied to a specific conviction, and so it would be... So it's perfectly natural to say multiple sentences in this case. The statute says reduced sentence in the singular. It's talking about one. Obviously, talking about the covered sentence, that would be the second circuit approach. So I understand both of those textually. What I'm having a hard time coming up with is how is the sentencing package compromised at all a plausible reading of the text? And so I know you have the seventh circuit, but I'm curious, what's your best argument for why the words of the First Step Act could mean that? The text of Section 404 says, a court that imposed a sentence for a covered offense may impose a reduced sentence as if the First Step Act or Fair Sentencing Act were in effect. The phrase a reduced sentence clarifies that a court is not limited to reducing the sentence for a covered offense, but may also reduce the sentence of a non-covered offense if it was part of the same sentencing package. So that's what I'm struggling with. How do you get the part of the sentencing package limitation? It seems like you're somewhat agreeing with your friends on the other side that sentence must mean more than the covered offense sentence. But once we take that step, I don't see any way to limit it to solely non-covered offenses that are related or that fall within some type of sentencing package. That strikes me as somewhat contextual. So, the reduced, the imposed a reduced sentence is significant because of how sentencing works in groupings, for example, where a covered offense in many cases would dictate the sentence on a non-covered offense so that really you have a single sentence comprised of two parts. And, Congress, by choosing... Can I stop you there? Is that true? I thought the way normally sentencing works, you might have a guideline calculation where there's grouping, but at the end of the day, a court imposes a sentence for each count of conviction. That's how I've always seen it. Are there situations where there might be two counts of conviction and rather than, say, two concurrent terms of 10 years, the court just simply says, I'm imposing a 10-year sentence on count one and two? So, in the judgment, it would list a different sentence for each count, but they are often the same, again, because the guidelines under the grouping rules would dictate the sentence for Hudson, for example. There was a firearm offense and a more serious crack offense. The guidelines on the firearm offense on its own were not very high, but because of the grouping rules, the covered offense came in and drove both sentencing guidelines up, and the court then imposed a sentence on both accounts way up here. So, now under the First Step Act, the court can cover an offense, but that does very little good for that defendant. The only way in this situation to impose a reduced sentence as if the Fair Sentencing Act were in effect would be to bring the whole package down or to untangle it and reconsider. That's what the government believes is both supported by the text of the statute, again, because of that language, impose a reduced sentence, not the reduced sentence, as well as the as-if language, which is saying we really need to be able to effectuate the Fair Sentencing Act. And in a case like Hudson, the only way you can do that is by untangling that package. I'm struggling to see. It seems like all of your arguments on the actual statutory language would suggest perhaps the first argument that is made by your opposing counsel that the resentencing is for all covered and non-covered offenses, period. Why isn't that appropriate under the statutory language? Because there is no relationship between a covered offense. There's no relationship between the purpose behind the Fair Sentencing Act or the First Step Act, why you would reach that non-covered offense. No federal appellate court has held that so long as there is all covered offense involved that you can reduce the sentences of other offenses. Again, the most permissive circuits follow this package approach that I've just described, the Seventh Circuit in Hudson and the Third Circuit in Junius. That's a case I'd like to highlight because it is factually indistinguishable. It also came out after our opening brief, so it's included only in our reply brief. There, the defendants were convicted of the same crime here, Section 848E murders and a crack conspiracy. The court recognized the sentencing package theory, but the murder sentences were not eligible under that theory because they were not dependent in any way on the crack conspiracy. There was no powder crack. So I think I might get it now. So is your textual argument less about the word sentence and more about the as-if clause? It's about both the Article A, not B, and then combined with the as-if clause. So the as-if clause, under your view, it serves to limit what is being referred to with sentence as to only those sentences that would be affected by the fair sentencing act? That's right, because there was some interdependence between the counts at sentencing. Now interdependence doesn't mean a relationship for purposes of conviction. It means interdependence for purposes of sentencing, where you've got the covered offense effectively dictating the sentence for a non-covered offense. So grouping is not the issue. This conceptual interconnected between the determination of a sentence is the governing test, and grouping really may play into that, but is not the governing issue. That's exactly correct. The effective grouping is, I think, what is going to typically result in interdependence, but as the Seventh Circuit in Curtis clarified after Hudson, the operative question is interdependent. And in Curtis, there were murders as well. Those were 924J murders, and the court there said there was zero indication that the murder sentences were influenced in any way by these covered drug counts. So under the package theory, those murderers could not have reduced sentences. And what is the- I'm sorry. Go ahead, Judge White. So it would seem to me that the different ways could be the calculation of the guidelines were, by definition, interconnected, or a judge's discussion at sentencing would show that there was- the judge regarded it as interrelated. But what do you do about the fact that these sentencings were before Booker, so that there's a- there's really no chance of the judge regarding them as interrelated and not having any function in the actual sentence? It would seem to be somewhat problematic and questionable whether we really are implementing the intent of the statute where everything was regarded as mandatory. I don't believe a case like Booker would affect the interdependence analysis. Congress didn't make- you know, didn't want resentencing to be available as if Booker were the law. It simply wanted to provide this opportunity under the Fair Sentencing Act. And for a count of conviction like murder, powder crack hysteria that had nothing to do with those sentences. And in fact, the mandatory nature of the guidelines back then is just further indication that those sentences stood independently from any other count of conviction. Why doesn't that- why doesn't that, though- why didn't you argue the fact that it was pre-Booker made them just ineligible for a reduction? Because we're- are we allowed to take that into account when- I know Concepcion says we're allowed to take changes into account when exercising their discretion. But at the time, there would be no discretion. It was still mandatory because it was a pre-Booker situation. At the eligibility inquiry, I don't think this court should consider Booker at all. It's only, according to Concepcion, after eligibility is established and you're now at the discretionary phase, that's when these intervening changes of law come into play. But if a count is not eligible to begin with, then you don't- That was kind of my point. Do you think- do you think they're eligible for a different reason? Because the guidelines would have still mandated life imprisonment, even if the sentence was imposed as if the Fair Sentencing Act was in place? No, we're not contesting eligibility for a covered offense or an offense that was truly a covered offense. We believe that that is expressly permitted. Reductions are expressly permitted for those. Booker is about whether there's any discretion to depart from the guidelines. That's a step two inquiry in the government's view. Only to be exercised within the discretion? Is that where the broad discretion of the court comes in? That's correct. But if an offense is not then the court doesn't have any discretion. And what is your- what is your best argument for why the statutory language authorizes this interconnectedness? When it- when it seems to speak simply of a sentence and without any reference to covered offenses in the second part of a- what is your best argument as to why that's the appropriate interpretation of the language? As opposed to your opposing counsel's argument that that means you re-sentence, period. You sentence the person as a whole and you sentence them by considering everything that went into the prior sentence and then you determine what the new sentence- what new sentence is appropriate for the entirety of the case of the a reduced sentence and as this language there has to be some interconnectedness. And that's where the interdependence test comes from. Plenty of courts have disagreed with that and just said covered offenses and that's it. That's the second circuit, I think the 10th and the 11th. You know, the government believes that the- the best interpretation based on a text and then also the purpose of the statute is fulfilled under this sentencing package theory. But it is inconceivable that Congress, by making the Fair Sentencing Act retroactive, intended to give murderers a shot at having their murder sentences reduced. That is not a plausible interpretation of the text. The district court below didn't identify a textual source for that- for reaching that result. I think he identified the- the covered versus non-covered concept and the language as used in section 404. But you think that that does not bend- that language does not bend to that- to a broader interpretation than interrelated? Yeah. And your second, 10th, and 11th circuits are the cases that you think are most significant in governing? At odds with the 7th and the 4th's willingness to leave open the possibility that it's a- almost a plenary resentencing. Though not by that name, because it is governed by a statute. No, to be clear, the government does not support the 2nd, 10th, and 11th circuit. I was simply stating that many courts have taken that view, that stricter view. The government takes this more middle-of-the-road view. And in the 7th circuit- I'm sorry, I think it's the 4th and 7th. Yes. It's the 4th and 7th. The government does agree with that, but not with the broader text that the district court employed below. No federal telecourt has done that. And in fact, this court wouldn't actually need to reach the issue of whether to follow the strict approach or the sentencing package theory. This court could assume without deciding that the sentencing package theory is a proper interpretation of Section 404 and conclude because the murder sentences here are not eligible under that theory, the reduction to the murder sentences. Why do you think that the court was adopting this broader theory and was not simply adopting the argument proffered by defendants, which was the sentencing package theory? I'm not entirely sure the district court's intent in announcing the test that it did. You know, Hudson did involve grouping and there isn't grouping here. So I don't think that the logic of Hudson actually translated to this case. So there needed to be something broader in order to reach the murder sentences. That could be, again, I don't know the specific reasoning, but it's not derived from the text of the statute. And under 3582C, it needed to have been derived from the statute. Well, what I was asking was, is it possible that the court was really adopting the sentencing package theory and simply misapplied it in your view? That could be. And there is one reference that leads to all multi-count cases as being a package. And that may be true in other contexts. But a sentencing package for purposes of Section 404, as explained by the Seventh Circuit, that does require interdependence. And the problem is that the district court dispensed with the interdependence requirement. There is no reasoning in the decision below about interdependence. It didn't rely on, there's a grouping reference in Brown's PSR. The district court didn't rely on that grouping reference. And there was really no dispute that the covered offense here didn't have any impact on the murder sentences. I realize I'm out of time, but I do have- Thank you. This is helpful. And your position is that Brown did not qualify for grouping, that that is incorrect? That is the government's position. But also the government is not asking the court to correct the PSR. That's because the sentencing package theory is about interdependence. So nothing in the PSR prevents the government from explaining why there's no interdependence in this case. And we know there was no interdependence because despite the grouping reference in Brown's PSR, all four defendants were sentenced to life. They all had the highest offense level possible under the guidelines, 43, and that's what drove the- The homicide. Yes. Correct, for the homicides. We thank you for the argument. You will have your rebuttal time. Thank you. I think it's Ms. Major. May I please report? My argument focuses on rebutting the government's contention that the district court lacked authority to reduce the appellee's sentences. The district court had such authority and did not legally air or abuse its discretion for three reasons. First, the government concedes that the statutory text does not limit release to covered offenses and that courts may, as a matter of congressional design, reduce non-covered offenses packaged with a covered offense. The term package and interrelationship, there's a Sixth Circuit case, but the name escapes me at the moment, but it's- that says, you know, these are all different terms that describe the same thing. So, because there was a covered offense here and there is interrelationship between the non-covered offenses, the district court did not commit legal error. Second, the district court determined the sentences were packaged and did not commit reversible error just because the government disagrees. When asking if the district court committed legal error in applying the sentencing package doctrine, it did not as a matter of the text or precedent. Third, Congress gave district courts broad authority to revisit aggregate sentences under the sentencing package doctrine. The district court did not abuse its discretion or clearly err in finding a package here because, in most cases, sentences involving multiple offenses are imposed as part of an overall plan or package. But can't you see the fact that you said it in the plural? That's what I'm struggling with. It seems to me it says, may impose a reduced sentence in the singular. And what I would say the district court did as an original matter in your client's case was impose three multiple sentences. So, two life sentences and then the 924C. So, if I read- if I- why should I not read the sentence to allow the district court to reduce one? And which one do we think of? Oh, it must be the one that is tied to the covered offense. That strikes me as, in my view, a sentence can be ambiguous, but in the context of a singular, why isn't that the better reading of sentence? Well, your honor, Mr. Brown's covered and non-covered offenses, specifically the conspiracy and the CTE murder charges, they did group. And that shows interconnectedness. But you would agree, wouldn't you, that at the end of the day, the court imposed two concurrent life sentences and then the 924C consecutive sentence. So, those- that's three sentences. I would agree, but- So, it may impose a reduced sentence. What the district court did in this case was impose three reduced sentences. Your honor, the district court- if you review Mr. Brown's sentencing transcript, the idea of concurrent sentences was not mentioned here. So, if we're trying to get a sense of what the district court was thinking, we look to what he said during the sentencing hearing. And during that hearing, the court calculated a single guideline range for Mr. Brown's offenses, covered and non-covered offenses. And when announcing the sentence, told Mr. Brown that he would serve a life sentence in the Bureau of Prisons on count 1 and 15 for life. So, this evidence is the district court's or its view that these sentences were interconnected or packaged. Setting aside whether they're packaged, I just don't- I don't necessarily even care what the district court did. I'm just reading the plain language and I see two ways to read it. One is sentence means judgment and you could interpret it to mean aggregate sentence. And the other is it's tied to the covered offense. So, the sentence for the covered offense. And that strikes me as much more natural when read in context because it talks about the covered offense in the provision and then it says change the sentence as if sections two and three of the Fair Sentencing Act of 2002-10 were in effect. So, that's really relevant to the covered sentence. So, I agree with you that there might be some ambiguity about whether it includes- sentence could include everything, aggregate sentence. But why wouldn't the context suggest otherwise? Setting aside what the district court did here, I'm just curious about the legal question. Well, I think that, you know, I think there are a few points to this. First, the indictment reveals that the offenses are factually intertwined. That is, in the indictment, in count one, which was the craft conspiracy, there's a manner and means portion. And within that section of the indictment, there's a number of things listed. One of them being that their best friends members carried firearms and committed murders in furtherance of the conspiracy. Second, I think that the sentences- that the offenses are also legally interrelated. So, you wouldn't have the CCE charge as indicted, but for the covered craft conspiracy in count one. And, you know, the Fourth Circuit addressed both of these considerations in Richardson, and the Sixth Circuit's sentencing package doctrine cases is also consistent with this. There's a decision, I believe it was in August of 2023, called United States v. Bartoli. And that case also discussed the relationship of the offenses when deciding whether offenses were part of the package or an aggregate sentence. So, how will you- how would it- it would always be determined then on the basis of the final sentence, having taken the whole case into consideration and the whole person standing before the district court, then it is the final sentence that is the sentence that you think is referenced in the statutory language? Well, I think that the final sentence, yes. I do agree that there has to be some interrelationship. So, the government and I, I guess we're not that far apart, at least on that point. I think that the record here shows that there is factual interrelationship, not only for Mr. Brown, but for the appellees as well. And the reason that I'm saying this is that the sentencing court imposed concurrent sentences, meaning it viewed them as, you know, interrelated. Because at the time of the sentencing, the court was required by the guidelines, not the statute, to impose life on the covered and uncovered offenses. Now, at the time, the only discretion that the district court had was to decide whether to run the sentences consecutively or concurrently. Had it wanted to signal that the conspiracies and CCEs were distinct and freestanding, it would have imposed consecutive sentences. But it didn't. It imposed concurrent sentences signaling its intent to issue a single global sentence of appropriate length. Now, the cases that in the 404 context applied the Sentencing Package Doctrine have recognized that this distinction between concurrent and consecutive sentences is relevant. So, in Richardson and Hudson, both of those cases held that the concurrent sentences at issue were reducible under the First Death Act. In contrast, Curtis held that the sentences for the covered and non-covered offenses were distinct and disaggregated, not packaged. Because how did your, how did the drug conspiracy now, I guess it's not entirely, I see how they're interrelated as a matter of conduct and what your client did. But Curtis suggested that's not the right way to think about it. It has to be interrelated in terms of sentencing. And so, I suppose there's the fact your client is the only one that had these sentences grouped together. But how would the Fair Sentencing Act have affected the murder calculations? Would it have affected them at all? Well, not if we are saying that the Fair Sentencing Act means that everything else is frozen in time. But in Concepcion, the Supreme Court rejected the Fifth Circuit's holding that the as-is clause meant that the district court had to place itself in the timeframe of the original limits judges from considering what happened in the intervening years when deciding whether a reduction is appropriate in the first place. So, just to finish, my last point is that, you know, the district court here, it didn't impose consecutive sentences, right? And I think that is important because, again, that's the only decision it had to make at the time. It imposed concurrent sentences. And under Curtis, that's relevant because in Curtis, the sentences, the court said that the sentences were not interrelated because the causing death charges ran consecutive, not concurrent, but consecutive to the sentence for the covered offenses. Now, just to address the government's point about Junius, the Third Circuit case that cited in its reply, that case is the only one the government can point to that says that cases, that sentences in this circumstance are not subject to the sentencing package doctrine. Well, excuse me. That's the only case the government can say that sentences in this circumstance are not packaged. But Junius also says that grouped and concurrent sentences are not subject to the sentencing package doctrine, which plainly contradicts Hudson and Curtis, as well as Richardson, which at least the Seventh Circuit cases are ones that the government leans really heavily on. So, turning to Mr. Brown specifically, it is relevant that his offenses has covered a non-covered offenses group of sentencing. Now, the government has consistently overlooked or minimized that this distinction with Mr. Brown in a more favorable position, even under its own analysis. Hudson, Richardson, and Curtis all say that grouping shows interconnectedness. In fact, Curtis says that it's the most common way. And here, the court calculated a single guidelines range for Brown's offenses and imposed an integrated sentence that blended punishment for the covered and non-covered offenses. Curtis says that in those situations, district courts have to be able to untangle the aggregate terms of imprisonment and re-sentence because you can't unbundle the package. And moreover, the government says that it's not trying to revisit grouping determinations, but it's now just downplaying what is previously said in this court. So, on multiple occasions, including in this court in Smith, the government has said that grouping is sufficient to find a package. It says the same thing in the sentencing memorandum below, but it erroneously claims that Mr. Brown's offenses did not group, even though it had already acknowledged in responding to his motions that they did in fact group. Well, if in fact they could not group because you cannot group homicides with the conspiracy charges, your argument would still be the same? That they are sufficiently connected that even if grouping fails, the relationship still exists? Yes, I do. Because although Judge Murphy pointed out that Curtis does not, you know, look at the interrelationship of the offenses, the Fourth Circuit in Richardson does. And this circuit and its sentencing package cases in Bartoli, for example, which I can give you the case number, it's number 21-4045, does look at this, did mention the relationship of the offenses. So, I don't think it's contingent on that, but I would also note that, you know, the government never objected to the grouping determination at any point. And under Concepcion, the only change that course and 404 proceedings can make to the guidelines, which would include the grouping determination, is to make the adjustments to account for the revised penalties in the First Step Act. When you said the government didn't object to the grouping, you mean at the original sentencing? Yes, Judge White, not at the original sentencing, not on appeal. In fact, it didn't even acknowledge that Mr. Brown's offenses group until sort of at the 11th hour after Mr. Brown had already allocuted at the resentencing hearing. It just sort of stood up and said, oh, wait, the grouping was erroneous. And I think that was because they did recognize, but they previously, or that it had previously recognized. Did it matter previously? Is there a duty to object to things that simply do not matter at the time? I do worry a little bit about, for both sides, if the legal rule is you have a duty to object to every conceivable PSR calculation that looks like it doesn't matter at all. But if in some future 2255 or other proceeding, you have a duty to object, then it strikes me as perhaps leading to a lot of unnecessary objections. I understand that concern. I know in my practice, right, sometimes we object to things just to preserve to record, even if we know they're not going to go anywhere. And I think that rule applies equally to the government. So if it thought that there was a grouping error, it should have objected then because laws change, right, over time. So if you want to preserve errors, then you do object. I think that's your time. We thank you. And now the Dale case. May it please the court, Fabián Restrepo. On behalf of Mr. Edward Dale, I want to focus on two points, your honors. First and foremost, the district court followed the directives from the particular discretion. It does not require a reduction in sentence. And that's very critically important because the courts are given discretion, but they don't have to actually reduce a sentence. And the government, even in its own reply brief, concedes that the district court in this case did follow Concepcion in terms of recognizing and reviewing what are the guidelines, what are the statutory maximums. But in essence, it has takes issue with the district court's discretion. But I will say that that discretion is bounded only by constitutional and congressional limitations based on Concepcion, I mean, Pepper and Estrella as discussed in Concepcion. So what I really want to emphasize here before I continue is that the district court and Concepcion really says the district court counsels in favor of deferential appellate review. And why does it do that? Because it believes that there should not be an overly searching review of what the district court said that had all the information before it. And it's not the role, and I respectfully say this, but it's not the role of the public court to substitute its own judgment for that of what the district court did in sentencing decision making based on Concepcion. Counselor, it seems to me that the question whether the statute permits a resentencing on other counts is a legal question. And if we decide it does, then the sentence is entitled to deference. But the initial question seems to me to be a purely legal question that we reviewed de novo and no deference is involved. I understand the court's position. I would suggest that in some ways we have to look at a little bit of some of the facts that make even that meets this person's or this movement's to be eligible in of itself for the threshold question of whether they're eligible or not eligible for that specific first step back eligibility. And so whether we look at the legal side of it, there is still some form of having to look at what actually happened then, and that could potentially put us in was there clear error in terms of what the judge did in this case. And I don't believe that is what occurred. I believe that or we submit that what the judge did and as you yourself, your honor, talked about the many times the appellees raised the issues of sentencing package, raised the issues of eligibility. I know that in Mr. Dale's there's large sections of citations to how many times you raised it in 2020, 2031, 2022, and then it came to the fore when the district court ruled on it. What I do also want to say, your honor, is that even then one of the other kind of things that the government said was, well, there's a windfall argument here. They will win because no murderer should get any type of relief, even if they're eligible under the First Step Act. What it will say is that Concepcion on footnote eight on page 494 in and of itself says, it's unavoidable when Congress allows some defendants to move for sentencing reductions, there will be disparity. It's inherent in the system. And secondly, and more importantly, to address some of the concerns, what it says is district courts are not required. So in a 35 to three analysis, they can completely reject any type of reduction. Is your position that your client... Mr. Dale? Yes, yes. No, I'm struggling with whether you're saying this is a forfeiture case or whether you're saying this is an interconnected case or whether you're saying that the statute allows resentencing on covered and non-covered. What is your legal position on what the statute governs? 404. So our position or my position on behalf of Mr. Dale is that the statute in and of itself, it allows for resentencing on the complete, on all the counts, on a legal basis. Covered and uncovered. Covered and uncovered. While we can talk about the factual issues that Judge Murphy raised with district counsel about what happened at sentencing, for example, on Mr. Dale's, it's less than half a page, what was said and done. But I do think that given just legally, the covered and uncovered offenses are just, if it's a statute in and of itself, the first time it allows for a complete resentencing, we don't go to nitpick every single little count of conviction or statute of conviction if that's allowed based upon what happened, for example, on Mr. Dale's case. What's the best argument for why we should read a reduced sentence as a reduced aggregate sentence or total sentence? So we should read it as just one total sentence because that is how it functions or typically functions. I understand that you're concerned, Your Honor, when you're saying the judgment, it might have it split out as count one, count two, this is a sentence. But in many instances, just like in this case, in Mr. Dale's case of sentencing, it really looked at the overall, these quick counts of just convictions. And it just said the court is obligated under law to impose a sentence of life plus 25 years in the 924C counts. If we disagree and think that the issue is whether they are interdependent or interconnected, what is the reasoning for your client's sentences for the homicide and the conspiracy and drug claims to be interconnected? Yes, Your Honor. So when I look at the specific counts in Mr. Dale's case, count one is a 924C counts of homicide, but they're all interrelated. We could talk about factually, they are interrelated because they're in furtherance of the conspiracy, which was in itself the drugs and in furtherance of the overall conspiracy, which is really what drove a lot of the sentencing that was found in this case. And that's what I would submit to you, Your Honor. Thank you. Ms. Smith for John Gordon. Good afternoon, Your Honors. May it please the Senate of the Court, Nicole Smith on behalf of John Gordon. I will be discussing the mandate rule. Despite the government's argument, Judge Lawson got it right. The mandate rule is quite clear. The lower courts are required to comply with the orders and instructions of the courts above. In this court's amended order in United States v. Gordon, case number 19-1739, this court vacated the district court's order denying Mr. Gordon's motion for sentence reduction under the First Step Act as to count one and remanded it for further proceedings. The order did not mandate limitations relevant to Mr. Gordon's resentencing. Accordingly, in U.S. v. Hebbock out of the Sixth Circuit, the district courts are not accountable to the mandate rule in resentencing. In fact, there is no prohibition in the guidelines for the case law to prevent the district court judge from revisiting the entire sentencing unless restricted by the remand order. And that's according to United States v. Doosall out of the Sixth Circuit. So, counsel, are you arguing that the remand order does not restrict what the judge could do on remand? Or are you somehow arguing that the remand order itself granted plenary authority? I am arguing that, Your Honor. I'm arguing that when this court remanded Mr. Gordon's case down to the district court for resentencing, it gave Judge Lawson the authority to remand on the entire case. But how can we grant authority with the statute? I mean, it seems to me that I do buy your first argument or implied argument that our remand order placed no restrictions on what he could do. I mean, he was authorized to resentence to the extent lawful on the covered offense. And if it's lawful to go beyond based on the package, then he was authorized to do it. But I don't see how we can expand what the law permits simply by not saying in the order, you know, but you can't do certain things. Well, Your Honor, the case of U.S. v. Morad states absent explicit limitations in the remanding case for resentencing directs the sentencing court to begin anew, which is what the court did. So that fully de novo resentencing is entirely appropriate. When this court remanded Mr. Gordon's case down to Judge Lawson, it allowed Judge Lawson to look at everything, such as in the conception case, it allowed him to look at everything that has happened. His, you, or the circuit court did not restrict or limit the judge in doing that. Now, the government argues that this court's order remanding only vacates as to count one. What the government failed to read is the balance of your court's order, where it advised that you would already authorize Gordon to challenge both of the sentences. In a previous appeal, Judge Lawson re-sentenced Mr. Gordon's case to the first step act, which is what Judge Lawson did in in Ray Gordon case number 17-1118. Therefore, as the district court has stated, since there is a covered offense to re-resentence, the first step or the first step act permits, but does not require, it gives that the entire case when it did re-sentence. In re-sentencing Mr. Gordon and the other three co-appellees, Judge Lawson made an extensive record. He made an extensive record regarding his authority to re-sentence, as well as his reasoning behind his reduction based on the 3553 factors. Now, Mr. Gordon's case is a little different from his co-appellees. Judge Lawson, in his case, re-sentenced him to a total of 25 years total, 20 for each of the conspiracy and the murder case, as well as five years for the gun charge as required, providing him with a under three-year credit. Now, the government is arguing that this was an abuse of discretion, but that is incorrect. This court has held in U.S. v. Nichols where they ruled that the sentence that includes bank time is valid. Now, my client, so the fact that he sentenced below what he had served was a valid sentence. Now, the other attorneys have already argued the issue of the authority and everything. So, for the reasons that they've argued already, and for what's argued in my briefs and co-appellate's briefs, we're just asking that this court affirm the district court's as the judge had the authority to re-sentence on the covered and non-covered charges. So, your position would be that the proper interpretation of the act is that you can re-sentence on covered and non-covered, or do you accept the interconnection argument as the proper interpretation? I believe that the court has the authority that the court has the discretion to look at both. I do agree that in our cases, in Mr. Gordon's case, as well as the other appellate's, there is an interconnection if the court determines that there needs to be one in that all of the charges were interconnected with that conspiracy case. Thank you. I guess Mr. Polk is the next case for Mr. Monach. Monach. Monach, thank you. Yes. So, I first want to make a relatively limited point and then discuss why my client got the sentence he did. The government tries to make much of the district court's use of the term at re-sentencing, calling it a plenary re-sentencing. 404 proceedings are re-sentencing, not narrow sentencing adjustments like under 3582C2. As counsel already noted, Concepcion held that courts have considerable discretion at a 404 re-sentencing. Here, the district court used the phrase plenary re-sentencing in the course of recognizing the sentencing package theory. That's at page ID 20531. And I think that the court was using the phrase because it had already concluded that the defendants were eligible for re-sentencing because he couldn't unbundle the package and therefore had to address all of the counts as a package. And in the course of that, the district court, I think another sign of how clearly he understood what he was doing was the citation to the United States versus Maxwell, which holds that district courts aren't required to engage in a plenary re-sentencing, but they have the authority to do so if they want. And it's up to the district court's discretion. Does the court have any questions about that topic? The only question I have is, so you see plenary as perhaps having two different meanings? If it's a plenary remand, it may be a distinct issue from the references by the judge below to plenary re-sentencing under section 404? Yes. I mean, the point is, I think that the court's use of the term wasn't consequential to the result. He engaged in the correct analysis. You're saying the court believed that he was and intended to be applying the package interrelated standard? Yes. And that's clear from, I think, his citations, particularly to Hudson and Gravatt, which is a Fourth Circuit case. Okay. So, why should we that the judge applied the rule properly? Well, I mean, because of the way he handled it was, I think, entirely consistent with this court's opinion in Boulding. Namely, one, Congress contemplated 404 re-sentencings to be a complete review of the re-sentencing motion on the merits. And two, district courts have wide discretion in determining what process they want to use. There's not a requirement under Maxwell, but there's clearly discretion. Well, but does that case involve an uncovered offense? I mean, one can conclude that in re-sentencing on the drug offense, the court was free to consider all sorts of things. But it doesn't... Go ahead. Maxwell doesn't answer the question about covered and non-covered offenses both being included. I take the position consistent with the other defense counsel in this case that under 404, the sentence that we're talking about is the final sentence involving all counts. And is there any... Do you have any arguments that's more specific to the facts of this case that would tell us that the sentencing was a package or that the particular sentences were interrelated? Well, I think Mr. Renteria has already touched on it and that is these were 848 counts, criminal enterprise counts. And the enterprise was the drug conspiracy. And the homicides were in furtherance. I do want to note one thing, and that is, although it came up in a slightly different context in the Supreme Court's unanimous opinion in Dean versus United States, the court did discuss the concept of sentencing package cases and acknowledged what the government's position had been. And in this case, I think that the judge did precisely what Dean allows, and he took into consideration the impact of the stacked 924C counts on the aggregate sentence and reduced the sentences on the other counts accordingly, in which Dean says he's entirely within his discretion to do. Any further questions? Thank you. Thank you. Ms. Curry. Rebuttal, please. Thank you. I want to respond on the interdependence issue. The as-if language in section 404 is tied to a sentence. So interdependence has to do with interdependence of sentencing, not an interrelationship between the facts of the convictions, and that's articulated in the Curtis case. And here, in terms of the sentences, we know there was no interdependence for at least three reasons. Number one, the murder sentences would have been life, whether or not a covered offense was even charged. The murder sentences would have been life, no matter the type or quantity of drugs being trafficked. And finally, the murder sentences were independently mandatory because this case was pre-booker. So the crack offense necessarily had no influence whatsoever on the murder sentences. Those facts make the question of interdependence very easy. There was no interdependence. Brown's counsel mentioned that there might be a distinction between concurrent life sentences or consecutive ones. The law does not recognize that as a distinguishing feature. So in Junius, the Third Circuit case, that one involved life sentences that were concurrent, and the court said, nope, those sentences are freestanding, those murder sentences, so they are not eligible for relief under the sentencing package theory. I did check back, and it does appear that in Curtis, the murder sentences may have been consecutive, but the analysis in the second to last paragraph of the Curtis decision doesn't make any mention of the consecutive nature of the sentences. It just says that the crack offense had no influence on the sentence for the murder, and that's why there was no interdependence. Also, the Fourth Circuit in Richardson didn't see it differently either. And in fact, in Richardson, the Fourth Circuit, it acknowledged the Junius decision, and it agreed with Junius, and it said that murder sentences would be freestanding and therefore not eligible for relief under the sentencing package theory. So the bottom line is that here, the defendants received life sentences on the murder counts because they murdered people, not because they happened to be trafficking. Are you aware of any other cases where a court has granted a reduced sentence on a murder conviction, whether in the Court of Appeals or in the District Courts? Not in the Court of Appeals. In the District Court, there were some early cases out of the Fourth Circuit that are no longer good law under Richardson, but they were in the Western District of Virginia, and they were both decided by the same judge. One involved in 848E murder sentence, the other involved in 924J. There wasn't really any discussion of interdependence in those District Court cases, and Richardson now would make those decisions incorrectly. And then there's also Martez-Coleman. I don't have listed what District Court it is, but it's also within the Fourth Circuit. That one involved in 848E murder, and there was a discussion of a total sentence, but the court didn't analyze the sentencing package doctrine, and Richardson now makes clear that the Fourth Circuit follows the packaging doctrine. No federal appellate court has found that murder sentences are eligible for relief under the First Step Act, and I wanted to highlight the ones that involved murder. So, Curtis involved murder. That's the Seventh Circuit. Junius involved a murder. That's Third Circuit. Richardson is the Fourth Circuit. It dropped a footnote explaining that it would treat murders as independent, and then there is a recent case out of the D.C. Circuit. It's United States v. Smith, 104F4314. That case involved 848E murder, and it's an example of where the court didn't officially adopt either approach. It assumed without deciding that the sentencing package theory is a proper interpretation because it wouldn't help the defendant. There, the court was required to impose a life sentence on the murder count, so there was no basis to conclude that it was packaged with any other count of conviction. That's exactly what we have here. Conceptually, what example would you give of drug conspiracy and possession, the type that's in this case? What would be, in your estimation, interconnected to those claims, to those convictions, since you're looking at the convictions? So, I think there would be cases where you've got a covered crack conspiracy and maybe another type of drug count that involves some other drug, maybe powder cocaine, and they would group and the covered offense would be driving the guideline range for both. That would be interconnected at sentencing, but it has to be interconnected at sentencing. The factual connectedness is irrelevant toward the sentencing package theory text. Any further questions? Thank you all for your arguments and your briefing in a very interesting and complex case, and we would specifically thank Ms. Smith and Mr. Minnick for taking CJA cases. Being willing to serve in those types of cases make a big difference to our justice system and provide good representation to people who otherwise would not have it. So, thank you for doing that, and thank you all for your arguments. The case will be taken under advisement and an issued in due course. You may adjourn court. The final court is now adjourned.